# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7740 | **DATE** | 10-16-2012 |
| **CASE TITLE** | United States ex rel. William Johnson (#M-08045) vs. Allen Martin, et al. | | |

**DOCKET ENTRY TEXT:**

Respondent is ordered to answer the petition or otherwise plead by 11/7/2012. On the court's own motion, Attorney General Madigan is dismissed as a party respondent.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

William Johnson, an Illinois state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition concerns Johnson's convictions for aggravated battery with a firearm and for being a felon in possession of a firearm on the grounds that: (1) his defense attorney was ineffective; (2) police officers conducted an unreasonable search and seizure in connection with the traffic stop giving rise to Johnson's arrest; and (3) Johnson should not have been convicted of two separate unlawful possession charges on the basis of one incident. Johnson has paid the statutory filing fee and appears to have timely filed his petition. Accordingly, Respondent is ordered to answer the petition or otherwise plead by November 7, 2012.

The court notes that Johnson failed to answer the question on the form asking whether he exhausted state court remedies as to the claims raised in his petition. This preliminary order to respond does not, of course, preclude Respondent from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

Johnson is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Johnson must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Johnson must send an exact copy of any

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Johnson must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court.

On the Court's own motion, Attorney General Lisa Madigan is dismissed as a party respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Johnson is not challenging a future sentence, but rather his present confinement. Therefore, the Attorney General is not a proper respondent.